**Gregory P. Lynch**, OSB No. 752340
greg.lynch@millernash.com
**Ryan C. Kaiser**, OSB No. 130344
ryan.kaiser@millernash.com
MILLER NASH GRAHAM & DUNN LLP
1567 SW Chandler Avenue, Suite 204
Bend, Oregon  97702
Telephone:  541.383.5857
Facsimile:  541.383.3968

Attorneys for Plaintiff John Blizzard, M.D.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **JOHN BLIZZARD, M.D.**, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**ST. CHARLES HEALTH SYSTEM, INC.**, an Oregon nonprofit corporation,<br><br>　　　　　Defendants. | Case No.: 6:16-cv-0945<br><br>COMPLAINT<br><br>(ADA Violations, Disability Discrimination in Employment, 42 U.S. Code § 12112 - Discrimination, and Unlawful Discrimination Against Persons With Disabilities, ORS § 659A.112)<br><br>DEMAND FOR JURY TRIAL |

Page 1 -　　COMPLAINT

70087636.8

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 541.383.5857
1567 SW CHANDLER AVENUE, SUITE 204
BEND, OREGON  97702

Plaintiff John Blizzard, M.D., alleges as follows:

## NATURE OF ACTION

1. This is an action for damages under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and a pendent state claim under ORS 659A to remedy unlawful employment practices on the basis of (1) disability (actual and perceived), (2) failure to accommodate, (3) failure to engage in the interactive process, and (4) termination of employment in violation of the ADA.

## PARTIES

2. Dr. Blizzard is a citizen of the United States and resides in Bend, Deschutes County, Oregon, which is in this judicial district.

3. St. Charles Health Systems, Inc. ("St. Charles") is an Oregon nonprofit corporation that owns and operates the hospital known as St. Charles Medical Center (the "Hospital") in Bend, Deschutes County, Oregon, which is in this judicial district. St. Charles is authorized to conduct business in Oregon, and does conduct business in Oregon.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the federal law claims pursuant to 28 USC § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. This action is authorized and instituted pursuant to Section 107(a) of the ADA, at 42 USC § 12117(a), Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, at 42 USC §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, at 42 USC § 1981a. This Court has supplemental subject matter jurisdiction over the state claims pursuant to 28 USC § 1367.

5. Venue is proper in this judicial district under 28 USC § 1391 because the events that gave rise to this Complaint occurred in this judicial district.

Page 2 -    COMPLAINT

70087636.8

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 541.383.5857
1567 SW CHANDLER AVENUE, SUITE 204
BEND, OREGON 97702

## PROCEDURAL REQUIREMENTS

6.     Dr. Blizzard filed a complaint with the Equal Employment Opportunity Commission (the "EEOC") presenting the disability discrimination claims herein.

7.     Dr. Blizzard received a Notice of Right to Sue from the EEOC, authorizing him to commence a civil action regarding the claims presented to the EEOC.

8.     Dr. Blizzard has filed this Complaint within the time allowed in the Notice of Right to Sue authorizing him to bring this action.

## GENERAL ALLEGATIONS

9.     Dr. Blizzard is a well-respected board certified cardiothoracic surgeon who, until November 5, 2015, was employed by St. Charles.

10.    While employed at St. Charles, Dr. Blizzard was a highly productive cardiothoracic surgeon who generated considerable revenue. The medical staff respected his clinical skills, teaching ability, and dedication to his patients. Patients were also very fond of him.

11.    Pursuant to his most recent employment agreement with St. Charles, Dr. Blizzard was compensated at approximately $900,000 per year, plus other valuable employee benefits.

12.    As early as 2008, St. Charles regarded Dr. Blizzard as having impairments that substantially limited his ability to interact with others, regulate emotional responses, maintain relationships, and deal with stressors. Notwithstanding those perceived impairments, St. Charles continued to renew Dr. Blizzard's credentials, clinical privileges, and employment contracts.

13.    In 2013, based upon defendant's perception that Dr. Blizzard suffered from a communication disability, and based upon the fact that plaintiff did in fact suffer from a communication disability, St. Charles required Dr. Blizzard, under the threat of discipline, to undergo a psychological/neuropsychological evaluation by Dr. Neff and by Dr. William Pace,

Page 3 -    COMPLAINT

70087636.8

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 541.383.5857
1567 SW CHANDLER AVENUE, SUITE 204
BEND, OREGON  97702

Ph.D. for purposes of assessing, among other issues, the nature and severity of Dr. Blizzard's impairments.

14.    Following intensive evaluations in which Dr. Blizzard participated by order of defendant and under threat of discipline, Dr. Pace prepared a written report in which he confirmed that Dr. Blizzard had mental impairments that limited, among other major life activities, his ability to interact with others, regulate emotional responses, maintain relationships, and deal with personal and professional stressors. Dr. Pace and Dr. Neff both found Dr. Blizzard fit for duty as a cardiothoracic surgeon notwithstanding his behavioral impairments.

15.    Dr. Pace's report advised St. Charles that Dr. Blizzard needed, and that he would benefit from, a behavioral coach who could develop strategies to help Dr. Blizzard with improving his ability to interact with others, regulate emotional responses, maintain relationships, and deal with stressors.  Dr. Pace also recommended that St. Charles' administration have regularly scheduled meetings and frequent reviews with Dr. Blizzard in a well-defined effort toward the goal of behavioral change.  Dr. Pace's report specifically noted that Dr. Blizzard appeared to be engaged in making changes in his behavior and was open to interventions that would help him solidify his gains.

16.    Despite recognizing the need to accommodate Dr. Blizzard's disability, at no time did St. Charles implement the Pace recommendations; much less follow its own policies and procedures for assisting a physician in Dr. Blizzard's position. In fact, St. Charles actually withheld the Pace report and its recommendations from Dr. Blizzard, and, at the same time, increased Dr. Blizzard's stress level by putting him in charge of a busy cardiothoracic program as the only full time cardiovascular physician on staff.

17.    Section 7.E. of the St. Charles' Medical Staff Bylaws (the "Bylaws") establishes a procedure for ongoing professional practice evaluation.  As part of that evaluation process, St. Charles was expected to provide a physician in Dr. Blizzard's position with an "educational letter" that (i) notified him of his noncompliance with applicable rules, regulations,

Page 4 -    COMPLAINT

70087636.8

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 541.383.5857
1567 SW CHANDLER AVENUE, SUITE 204
BEND, OREGON  97702

policies, and/or clinical protocols, and (ii) offered him assistance in complying with the applicable requirements. St. Charles did not engage in this process with Dr. Blizzard.

18. Similarly, Section 7.G. of the Bylaws provides for medical staff leaders and hospital management to use collegial intervention as the first resort in addressing questions regarding a physician's qualifications. The process is designed and intended to be a progressive one that includes, without limitation, informal discussions and counseling. The goal of the collegial intervention process is to arrive at voluntary, responsive action by the physician that can be reasonably expected to resolve any questions regarding his or her relationship with the hospital, its patients, or its staff. St. Charles did not engage in this collegial intervention process with Dr. Blizzard.

19. On November 5, 2015, St. Charles summarily terminated Dr. Blizzard's employment agreement for alleged behavioral issues. At the time of termination, St. Charles was well aware of Dr. Blizzard's alleged behavioral issues, and that they were the product of Dr. Blizzard's disability, and/or what St. Charles perceived to be Dr. Blizzard's disability.

## FIRST CLAIM FOR RELIEF

### Violations of the ADA

### (St. Charles)

20. Dr. Blizzard incorporates by reference paragraphs 1 to 19 above as if fully set forth herein.

21. Dr. Blizzard is a qualified individual with a disability under the ADA.

22. St. Charles is a covered entity under the ADA.

23. Dr. Blizzard was, at all material times, able to perform the essential functions of his job as a cardiothoracic surgeon either with or without accommodation.

24. Dr. Blizzard has actual mental impairments that substantially limit one or more of his major life activities, including, but not limited to his ability to interact with others, regulate emotional responses, maintain relationships, and deal with stressors.

Page 5 -    COMPLAINT

70087636.8

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 541.383.5857
1567 SW CHANDLER AVENUE, SUITE 204
BEND, OREGON 97702

25. Dr. Blizzard was regarded by St. Charles as being substantially limited in one or more of his major life activities, including, but not limited to his ability to interact with others, regulate emotional responses, maintain relationships, and deal with stressors.

26. St. Charles failed and refused to accommodate Dr. Blizzard's disability.

27. St. Charles failed and refused to participate in an interactive process to determine whether St. Charles could accommodate Dr. Blizzard's disability.

28. St. Charles discriminated against Dr. Blizzard and terminated his employment on the basis of his actual disability and/or his perceived disability.

29. St. Charles treated Dr. Blizzard in a disparate and discriminating, and unlawful manner because of his actual disability and/or his perceived disability.

30. St. Charles unlawfully required Dr. Blizzard to submit to psychological/neuropsychological evaluations in violation of the ADA.

31. St. Charles' actions as alleged herein constituted unlawful employment practices in violation of the ADA, thereby depriving Dr. Blizzard of equal employment opportunities and adversely affecting his status as an employee at St. Charles.

32. As a result of St. Charles' unlawful employment practices as alleged herein, Dr. Blizzard has suffered and will continue to suffer in the future, lost wages, lost benefits of employment, and other economic damages.

33. As a result of St. Charles' unlawful employment practices as alleged herein, Dr. Blizzard has suffered and will continue to suffer in the future emotional distress, mental anguish, embarrassment, reputational damage, and other noneconomic damages.

34. Dr. Blizzard seeks an award of punitive damages against St. Charles because St. Charles engaged in discriminatory practices with malice and/or with reckless indifference to federally protected rights under the ADA.

35. Dr. Blizzard is entitled to, and does hereby seek reinstatement of his employment to his former position with St. Charles, with full back pay and benefits.

70087636.8

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 541.383.5857
1567 SW CHANDLER AVENUE, SUITE 204
BEND, OREGON 97702

36. Dr. Blizzard seeks declaratory and injunctive relief against St. Charles that prohibits St. Charles from subjecting him, or other similarly situated employees, to unlawful employment practices in the future.

37. Dr. Blizzard seeks an award of the reasonable attorney fees, expert witness expenses, and litigation costs that he has incurred and will continue to incur in the future in connection with this action against St. Charles.

38. Dr. Blizzard seeks an award of pre- and post-judgment interest on all amounts awarded to Dr. Blizzard as a result of this action against St. Charles.

## SECOND CLAIM FOR RELIEF

### Violations of Oregon Law Against Unlawful Discrimination

### Against Persons with Disabilities

39. Dr. Blizzard incorporates by reference paragraphs 1 to 38 above as if fully set forth herein.

40. St. Charles is subject to ORS § 659A.103 - 149, pursuant to ORS § 659A.106.  The actions and conduct of St. Charles, as herein and above alleged, were intentional, willful, and constitute unlawful employment practices in violation of ORS § 659A.103 - 149.

41. As a result of St. Charles' unlawful and discriminatory practices as alleged herein, Dr. Blizzard suffered and will continue to suffer in the future: lost wages, lost benefits of employment, and other economic damages.

42. As a further result of St. Charles' unlawful and discriminatory employment practices as alleged herein, Dr. Blizzard has suffered and will continue to suffer in the future: emotional distress, mental anguish, embarrassment, reputational damages, and other non-economic damages.

43. The unlawful and discriminatory practices of St. Charles as alleged herein were intentional, malicious, and done with reckless and outrageous indifference to a highly

Page 7 -    COMPLAINT

70087636.8

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 541.383.5857
1567 SW CHANDLER AVENUE, SUITE 204
BEND, OREGON  97702

unreasonable risk of harm and to the health, welfare, and safety of Dr. Blizzard for which Dr. Blizzard seeks punitive damages.

44. Dr. Blizzard is entitled to, and does hereby seek, reinstatement of his employment to his former position with St. Charles with full back pay and benefits.

45. Dr. Blizzard is entitled to, and does hereby seek, declaratory and injunctive relief against St. Charles that prohibits St. Charles from subjecting him to, or other similarly situated employees to, unlawful discrimination in employment.

46. Dr. Blizzard is entitled to, and does hereby seek, an award of pre and post judgment interest on all amounts awarded to Dr. Blizzard as a result of this action against St. Charles.

## PRAYER FOR RELIEF

**WHEREFORE**, Dr. Blizzard requests this Court to grant the following relief:

47. On Dr. Blizzard's First and Second Claims for Relief:

    a.    an award of past and future economic damages against St. Charles, which includes, without limitation, lost wages, lost benefits of employment, and any other economic damages that Dr. Blizzard has suffered or will suffer in the future, in the current amount of $1,500,000.00, which amount continues to accrue and for which Plaintiff seeks leave to amend.

    b.    an award of compensatory [non-economic] damages against St. Charles for emotional distress, mental anguish, embarrassment, reputational damage, and any other noneconomic damages that Dr. Blizzard has suffered or will suffer in the future, in the current amount of $3,000,000; which damages continue to accrue, and for which Plaintiff seeks leave to amend.

Page 8 -    COMPLAINT

70087636.8

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 541.383.5857
1567 SW CHANDLER AVENUE, SUITE 204
BEND, OREGON  97702

  c. an award of punitive damages against St. Charles, in an amount not to exceed $10,000,000;

  d. an award reinstating Dr. Blizzard's employment to his former position with St. Charles, with full back pay and benefits;

  e. declaratory and injunctive relief precluding St. Charles from subjecting Dr. Blizzard, or other similarly situated employees, to unlawful employment practices in the future;

  f. an award of reasonable attorney fees, expert witness expenses, and litigation costs against St. Charles; and

  g. an award of pre- and post-judgment interest against St. Charles on all amounts due to Dr. Blizzard as a result of this action; together with such other and further relief in favor of Dr. Blizzard as the Court deems just, equitable, and appropriate.

Dated: May 27, 2016.

MILLER NASH GRAHAM & DUNN LLP

*/s/ Gregory P. Lynch*
Gregory P. Lynch
OSB No. 752340
greg.lynch@millernash.com
Ryan C. Kaiser
OSB No. 130344
ryan.kaiser@millernash.com
Phone: 541.383.5857
Fax: 541.383.3968

Attorneys for Plaintiff John Blizzard, M.D.

Page 9 - COMPLAINT

70087636.8

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 541.383.5857
1567 SW CHANDLER AVENUE, SUITE 204
BEND, OREGON  97702

**JURY TRIAL DEMANDED**

Dr. Blizzard hereby demands a jury trial on all questions of fact or combined questions of law and fact raised in this Complaint.

Dated: May 27, 2016.

        MILLER NASH GRAHAM & DUNN LLP

        */s/ Gregory P. Lynch*
        Gregory P. Lynch
        OSB No. 752340
        greg.lynch@millernash.com
        Ryan C. Kaiser
        OSB No. 130344
        ryan.kaiser@millernash.com
        Phone: 541.383.5857
        Fax: 541.383.3968

        Attorneys for Plaintiff John Blizzard, M.D.

Page 10 -   COMPLAINT

70087636.8

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 541.383.5857
1567 SW CHANDLER AVENUE, SUITE 204
BEND, OREGON  97702